## Case No. 7,488.
### JONES v. PENSACOLA.
[6 Chi. Leg. News, 264.]
Circuit Court, N. D. Florida. 1873.

FRASER, District Judge. The bill in this case is filed to enforce the payment of the contents of four hundred and eighty-two coupons of $17.50 each, for interest upon bonds issued by the city of Pensacola, in conformity to its charter, approved March 2, 1839, and the amendments thereof. The legality of the issue of said bonds is not denied. A demurrer for want of equity is filed to the bill. In support of the demurrer it is contended: 1. That the complainant has a plain, adequate, and complete remedy at law. 2. That said corporation has no legal authority to levy a tax. 3. That the corporation, the city of Pensacola, which issued the bonds, has been dissolved, and the defendant corporation, the city of Pensacola, is a new corporation, and is not responsible for the debts of the old. The bill does not allege that any assets of the old corporation remain, out of which any part of the debt can be made.

It will be well, first, to consider the last ground of demurrer, for if the debtor corporation no longer exists, then this court has no jurisdiction, there being no defendant against whom it can proceed to make or enforce a decree. The 30th section of the act, approved August 6, 1868 (Laws Fla. 1868, p. 118), provides that "it shall be lawful for any previously incorporated city to re-organize its municipal government under the provisions of this act, by a voluntary surrender of its charter and privileges, and by

an organization under this act." The city of Pensacola, as organized under this charter of March 2, 1839, did voluntarily surrender such charter, and organized a city government by the same name, under the act of 1868, in compliance with the 30th section thereof. The 32d section of the act of 1868 repeals all laws conflicting with said act. The city of Pensacola having surrendered its charter under the act of 1839, did that surrender work a dissolution of such corporation? Did the act of 1868 create a new corporation; or was an organization under that act a prolongation and continuation of the old? One of the modes by which a corporation may be dissolved, is by the surrender of its "franchise of being a body corporate." Such franchise is created by charter, and the surrender of the "charter and privileges" as required by the act of 1868, is tantamount to a surrender of such franchise. Upon such surrender accepted by the king in England, or authorized by the legislature in this country, a corporation is dissolved. Willcock, Mun. Corp. pt. 1, § 852. When once dissolved, it can not be revived. Any subsequent grant must operate as a new creation. Id. §§ 858, 875. Though the surrender of the old charter, and the organization under the new, may have been made so nearly together that the acts appear to be simultaneous, yet the right to organize under the new grant is made dependent upon the surrender of the old; and there must have been a moment when the thread of perpetuity was broken, and being once broken, the spinning of a new thread can not make both one. The organization under the new charter must be considered a new creation, and not a revival of the old grant, which was surrendered and repealed. Such was clearly the intention of the legislature, as drawn from the words of the act. Though such legislation may be reckless and inconsiderate, the language of the act is too plain to admit of any other judicial interpretation.

On the 4th of February, 1869, the legislature enacted another law [Laws Fla. 1869, p. 28], the 30th section of which is nearly identical with the 30th section of the act of August 6, 1868, and provides that "it shall be lawful for any previously incorporated city or town to re-organize their municipal government under the provisions thereof, by a voluntary surrender of their charters and privileges, and by an organization under this act; and upon a failure of any incorporated town or city to accept the provisions of this act within nine months after its approval, all the acts vesting such city or town with power, are hereby repealed." The city of Pensacola, as organized under the act of 1868, did not surrender its charter and privileges, and re-organize under the act of 1869, therefore, at the expiration of nine months after the approval of the said act of 1869, the act of 1868, which vested said city with power, was repealed. The act vesting the city with

power being repealed, the corporation was dissolved—for we can no more conceive of a corporation without a charter and without power, than we can of a human existence without life. The right to exercise corporate powers is the very life of a body politic, and no corporation can exist without it. The 32d section of the act of 1869 further provides "that the act entitled an act to provide for the incorporation of cities and towns, and to establish a uniform system of municipal government in the state, approved August 8, 1868, and all laws and parts of laws conflicting with the provisions of this act, be, and the same are hereby repealed." The 30th section of the act of 1869, is in the nature of an exception to the 32d section, and suspends the operation of the same for nine months in the case of previously incorporated towns and cities, and prolongs the existence of the corporation of such towns and cities for nine months after the approval of said act; but upon the failure on the part of such towns and cities to accept said act within nine months, all acts conferring corporate powers upon such towns and cities, are repealed; and such repeal ipso facto dissolves the corporation. A corporation may exist, but from neglect to elect officers, or from some other cause, may be incapable of exercising the power which the law has conferred upon it, then it is said to be suspended. But when all the power with which it is clothed by the legislature is taken away, it can no longer exist. Such a repeal of all laws vesting it with power, destroys its being and works its absolute dissolution. That the legislature may and has, power to dissolve a municipal corporation, there can be no doubt. "Towns being mere organizations for public purposes, are liable to have their public powers, rights and duties modified or abolished at any time, by the legislature." East Hartford v. Hartford Bridge Co., 10 How. [51 U. S.] 534; Dartmouth College Case, 4 Wheat. [17 U. S.] 629, 630; [Piqua Branch, etc., v. Knoop] 16 How. [57 U. S.] 380; [Bissell v. City of Jeffersonville] 24 How. [65 U. S.] 295; 2 Kent, Comm. 275. On the 3rd of February, three months after the said corporation ceased to exist, the legislature passed an act as follows: "Whereas the legislature of this state, by the passage of an act entitled, 'An act to provide for the incorporation of cities and towns, and to establish a uniform system of municipal government in this state,' approved February 4, 1869, did not intend said act to affect the organization of any city or town made under or by virtue of an act entitled 'An act to provide for the incorporation of cities and towns, and to establish a uniform system of municipal government in this state,' approved August 4, 1868, therefore, the people of the state of Florida, represented in senate and assembly, do enact as follows: Section 1. That all acts, doings and proceedings, made and had, or hereafter to be made and had, by any mayor, board of councilmen, or any other city officer,

in any city of this state organized in pursuance of 'An act entitled an act to provide for the incorporation of cities and towns, and to establish a uniform system of municipal government in this state,' approved August 4, 1868, and while in performance of their duties under said organization, are hereby declared to be legal and valid." There is no act of the title mentioned which was approved August 4, 1868. The act intended is the act of that title, approved August 6, 1868.

The act of February 3, 1870, is a statute of explanation, and such statutes "shall be construed only according to the words, and not by any manner of intendment, for it is incongruous, it is said, for an explanation to be explained." "When one act is made explanatory of another, the court cannot carry the explanation farther than is expressed in that act; it must be construed precisely, and no new interpretation can be made of it." Dwar. St. 730. The 13th section of the 4th article of the constitution of this state, provides that "the enacting clause of every law shall be as follows: 'The people of the state of Florida, represented in senate and assembly, do enact as follows.'" The preamble of an act can in no sense have the force of a law. If, therefore, we construe the enacting clause of this act strictly by its words, it simply declares legal and valid all acts, doings and proceedings of the mayor, councilmen or other officer of the city of Pensacola, as organized under the act of August 6, 1868, made and had, or thereafter to be made and had, by said officers, and while in the performance of their duties under said organization. Now we have seen that the said organization ceased to exist on the 4th day of November, 1869. Said officers can not be held to be in performance of their duties after that time, under said organization, and we have also seen that this act can not revive the said organization, and can not be so construed. The defendant corporation, the city of Pensacola, was organized on the 26th day of December, 1870, "under those provisions of the act of 1869, relating to communities in which there was no pre-existing corporations."

It is the inevitable conclusion, then, that the defendant corporation, the city of Pensacola, is not the same corporation which issued the bonds in question, and is not responsible for them. "If the old corporation be revived, all the rights and responsibilities are revived with it; but if the grant operate as a new creation, it can not be subject to the responsibilities of the old corporation." Ang. & A. Corp. § 780; Colchester v. Seaber, 3 Burrows, 1866; Rex v. Pasmore, 3 Term R. 240 et seq. In Mumme v. Potomac Co., in delivering the opinion of the court, Mr. Justice Story says: "A corporation, by the very terms of its political existence, is subject to dissolution by a surrender of its corporate franchises, and by a forfeiture of them for a willful misuser and non-user. Every creditor must be presumed to understand the nature

and incidents of such a body politic, and to contract with reference to them." "For there is no pretense to say that a scire facias can be. maintained and a judgment had thereon against a dead corporation, any more than against a dead man." 8 Pet. [33 U. S.] 286, 287. The city of Pensacola, the corporation which issued the bonds and created the debt which is the subject matter of this suit, has. been twice superseded and may be said to be doubly dead. There is, therefore, no party in being against whom any proceedings can be had to recover the debt. This court can make no decree for its payments upon the case made by the bill. The demurrer must be sustained and the bill dismissed for want of equity.